IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| William Harvey Shropshire and, | ) | Case No. 06-51039 |
| Sandra Leigh Holder Shropshire, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| Terry L. Boggs, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 06-06101 |
| | ) | |
| William Harvey Shropshire, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER AND OPINION DENYING
MOTION FOR SUMMARY JUDGMENT**

This matter came before the Court on July 26, 2007, after notice to all parties in interest, in Winston-Salem, North Carolina, upon the Motion by Plaintiff for Summary Judgment.  Robert E. Price, Jr. and Kristen Scott Nardone appeared on behalf of the Plaintiff, Terry L. Boggs, and John H. Boddie appeared on behalf of the Defendant, William Harvey Shropshire.  Having considered the motion, memorandums of law, and arguments of counsel, the court finds that the Motion must be denied.

**FACTS**

For purposes of this Motion, the relevant facts are as follows: Sometime in 2003, the Plaintiff contracted with the Defendant to perform certain work on the Plaintiff's real property.

On July 22, 2004, the Plaintiff filed suit against the Defendant in Forsyth County alleging claims for breach of contract, negligent misrepresentation, fraud, and unfair and deceptive trade practices. The Defendant was served with the complaint, but he failed to respond. On January 4, 2006, the state court entered judgment (the "State Court Judgment") by default. The State Court Judgment specifically finds that the Defendant made negligent misrepresentations to the Plaintiff, that those representations were false, that those representations were "reasonably calculated to deceive the Plaintiff," and that they were "made with the intent to deceive the Plaintiff." The State Court Judgment further found that the "Plaintiff actually relied on the false information supplied by Defendant Shropshire," and that said reliance was reasonable and justifiable. Finally, the State Court Judgment found that the Plaintiff sustained loss or damage as a result of these false representations. The State Court Judgment awarded the Plaintiff compensatory damages in the amount of $51,400, treble damages in the amount of $154,452, and attorney's fees in the amount of $1,500.

On August 11, 2006, William Harvey Shropshire and Sandra Leigh Holder Shropshire (the "Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On November 14, 2006, the Plaintiff filed the above-referenced adversary proceeding objecting to the dischargeability of the Plaintiff's claims pursuant to § 523(a)(2)(A). The Complaint identifies two claims based on the Default Judgment: one claim in the amount of $51,484 and a second claim for treble damages in the amount of $154,452. On April 30, 2007, the Plaintiff filed a motion seeking summary judgment asserting that the State Court Judgment is collateral estoppel on all issues.

**DISCUSSION**

Section 523(a)(2)(A) provides that an individual debtor will not be discharged from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud. The Plaintiff must show that (1) the debtor made representations; (2) the debtor knew of the falsity of those representations; (3) that the debtor acted with the intent to deceive; (4) that the creditor relied on such representations; and (5) that the creditor sustained damages as a result of the misrepresentations.

The Plaintiff contends that the State Court Judgment made findings as to each of the elements of a § 523(a)(2)(A) claim, and that the Defendant was collaterally estopped from relitigating these findings in this adversary proceeding. As a result, the Plaintiff contends that he is entitled to summary judgment as a matter of law.

A party arguing collateral estoppel is required to make four showings: (1) that the issues in the two actions are the same; (2) that the issues were raised and actually litigated in the prior action; (3) that the issues were material and relevant to the disposition of the prior action; and (4) that the determination of the issues in the prior action were necessary and essential to the resulting judgment. See State v. Summers, 528 S.E.2d 17, 20 (N.C. 2000).

The opportunity to litigate an action constitutes actual litigation for collateral estoppel purposes under North Carolina law. See Naddeo v. Allstate Ins. Co., 533 S.E.2d 501, 505-506 (N.C. App. 2000). "It is not enough that the party introduce the decision of the prior court. Rather, the party must introduce a sufficient record of the prior proceeding to enable the trial court to pinpoint the exact issues previously litigated." Miller Bldg. Corp. v. NBBJ North

Carolina, Inc., 497 S.E.2d 433, 435 (N.C.App. 1998) (quoting 18 James W. Moore et al., Moore's Federal Practice § 132.05 [1] (3rd ed. 1997)).  The burden is on the party opposing collateral estoppel to show that there was not a full and fair opportunity to litigate the issue in the prior case.  Id.  Under some circumstances, a default judgment may act as collateral estoppel.

In this case, the requirements of collateral estoppel have not been met.  Counsel for the Plaintiff was not present at the hearing for the state court proceeding and was unable to obtain a transcript of the proceeding because the hearing was not recorded.  As a result, this court cannot determine what issues were actually decided by the state court.

Based upon the foregoing, the Plaintiff's Motion for Summary Judgment is DENIED.

## SERVICE LIST

John H. Boddie
407-D Parkway
Greensboro, NC 27401

Robert E. Price, Jr.
Kristen S. Nardone
1144 W. Fourth Street
Winston Salem, NC 27101

William H. Shropshire
316-D Windsor Manor
P. O. Box 462
Kernersville, NC 27285-0462